UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD MAJEWSKI, )<br>)<br>Plaintiff, )<br>) No. 07 C 276<br>v. )<br>) Judge John W. Darrah<br>SCHINDLER ELEVATOR CORP., )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Edward Majewski, brought suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, *et seq.*, alleging that Defendant, Schindler Elevator Corporation, discriminated against Plaintiff on the basis of his age. Currently before the Court is Defendant's motion for summary judgment.

## UNDISPUTED FACTS

Defendant is a company engaged in the business of constructing, modernizing, repairing and servicing elevators, escalators and related equipment throughout the United States. (Defendant's 56.1(a)(3) at ¶ 1.) In January 2006, Plaintiff worked in the Service Department of Defendant's Chicago-Downtown Office. (Defendant's 56.1(a)(3) at ¶ 5.) At that time, Plaintiff was assigned to perform repair work at the Sears Tower. (Defendant's 56.1(a)(3) at ¶ 5.) Plaintiff's direct supervisor was Service Superintendent Mike Rasmussen. (Defendant's 56.1(a)(3) at ¶ 6.) Rasmussen reported to District Service Manager John Andersen, who was

responsible for managing all operations of the Service Department in the Chicago-Downtown Office. (Defendant's 56.1(a)(3) at ¶ 6.) Andersen's duties included making decisions with respect to hiring and laying off personnel when he deemed it necessary. (Defendant's 56.1(a)(3) at ¶ 8.)

Defendant's Service Department performs both "Contract Service" work and "Fixed-Price" work. (Defendant's 56.1(a)(3) at ¶ 10.) The former is routine maintenance and repair work performed pursuant to a maintenance contract between Defendant and a customer. (Defendant's 56.1(a)(3) at ¶ 10.) Fixed-Price work is work beyond the scope of a maintenance contract. (Defendant's 56.1(a)(3) at ¶ 10.) In 2006, the Chicago-Downtown Service Office experienced a decrease in the amount of Fixed-Price work projects. (Defendant's 56.1(a)(3) at ¶ 12). Andersen observed that the labor force of the Service Department was too large for the remaining work and decided that a reduction in force was required. (Defendant's 56.1(a)(3) at ¶¶ 13, 14.) Andersen determined that he needed to reduce his labor force by six people. (Defendant's 56.1(a)(3) at ¶ 14).

To determine which employees would be let go, Andersen consulted with the Service Department's five superintendents to assess the labor force. (Defendant's 56.1(a)(3) at ¶ 15.) Andersen and the superintendents considered factors including overall performance, attitude, teamwork and work ethic. (Defendant's 56.1(a)(3) at ¶ 15.) Plaintiff was one of the six employees selected by Andersen. (Defendant's 56.1(a)(3) at ¶ 17.) Defendant asserts that Andersen relied on personal observations and reports from Rasmussen in making the decision to

lay off Plaintiff. (Defendant's 56.1(a)(3) at ¶ 17.) Defendant asserts that Andersen found Plaintiff to have a lackadaisical attitude, teamwork issues, work ethic problems, unprofessional appearance and a general performance lower than others in the Department. (Defendant's 56.1(a)(3) at ¶ 17.)

On February 7, 2006, Rasmussen informed Plaintiff that he was being laid off. (Defendant's 56.1(a)(3) at ¶ 19.) Shortly afterwards, Plaintiff called Andersen to ask why he was being let go. (Defendant's 56.1(a)(3) at ¶ 20.) Andersen explained that there was not enough work in the Service Department to support the current labor force. (Defendant's 56.1(a)(3) at ¶ 20.) On the date he was laid off, Plaintiff was 57 years old and had worked for Defendant for 11 years. (Defendant's 56.1(a)(3) at ¶ 29; Plaintiff's 56.1(a)(3) at ¶ 34.)

On February 21, 2006, Plaintiff filed a charge with the Equal Employment Opportunity Commission, alleging that the layoff violated the Age Discrimination in Employment Act. (Defendant's 56.1(a)(3) at ¶ 25.) On October 13, 2006, the Equal Employment Opportunity Commission dismissed a charge filed by Plaintiff alleging that the layoff violated the ADEA after finding insufficient evidence of a violation. (Defendant's 56.1(a)(3) at ¶¶ 21-22.) On January 16, 2007, Plaintiff filed this lawsuit. (Defendant's 56.1(a)(3) at ¶ 27.)

## LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) when no genuine issue of material fact exists or when, drawing all factual inferences in favor of the nonmoving party, no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Liberty Lobby*); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146,

3

150 (7th Cir. 1994). Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992).

One of the "principal purposes" of awarding summary judgment is to "isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court that there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Liberty Lobby*, 477 U.S. at 254-56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

## ANALYSIS

In order to establish a *prima facie* case under the ADEA, a plaintiff must show: "(1) he was in the protected age group [i.e. of at least forty years of age], (2) he was performing to his employer's legitimate expectations, (3) he was discharged, and (4) younger employees were treated more favorably." *Collier v. Budd Co.*, 66 F.3d 886, 889 (7th Cir. 1995) *(Collier)*; *Taylor v. Canteen Corp.*, 69 F.3d 773, 779 (7th Cir. 1995) *(Taylor)*.

A plaintiff who establishes a *prima facie* case creates a rebuttable presumption of age discrimination. *Taylor*, 69 F.3d at 779. The defendant-employer then has the burden to articulate a legitimate non-discriminatory reason for discharging the plaintiff. *Taylor*, 69 F.3d at 779; *Krchnavy v. Limagrain Genetics Corp.*, 294 F.3d 871, 876 (7th Cir. 2002). If the defendant

4

can articulate such a reason, the burden shifts back to the plaintiff to show that the employer's proffered explanation is "merely a pretext for age discrimination." *Taylor*, 69 F.3d at 779. "An employer that has proffered a legitimate, non-discriminatory reason for the discharge is entitled to summary judgment unless the plaintiff presents evidence that the proffered reasons are pretexts for discrimination." *Collier*, 66 F.3d at 889.

For purposes of the present motion, Defendant challenges only the fourth element of Plaintiff's *prima facie* case, that younger employees were treated more favorably than Plaintiff. To satisfy this element, Plaintiff points to Sotero Villalobos, an employee of Defendant who worked as a Service Mechanic at the Sears Tower and was younger than Plaintiff and was not laid off by Defendant in the reduction in force. Defendant argues that Villalobos does not qualify as a similarly situated younger employee because he is not substantially younger, i.e., at least ten years younger, than Plaintiff: Villalobos is only nine years and ten months younger than Plaintiff.

The Seventh Circuit has held that to qualify as "substantially younger" the younger employee must be at least ten years younger than an ADEA plaintiff. *Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 893 (7th Cir. 1997); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 619 (7th Cir. 2000) (*Radue*). As Plaintiff points out, the ten-year mark is not an "indelible" line. *EEOC v. Bd. of Regents of the University of Wisconsin System*, 288 F.3d 296, 302 (7th Cir. 2002) (*Wisconsin System*). Plaintiff cites *Owens v. Top Transportation Services*, 168 F.Supp.2d 866 (N.D. Ill. 2001), in which the court held that an age difference of nine years and eleven months was "close enough" to ten years to establish the last element of a *prima facie* case. However, Seventh Circuit precedent is all to the contrary. Where a plaintiff "just misses the 10-year mark," he must present evidence that the employer "considered age to be a significant factor." *Radue*,

5

219 F.3d at 619; *Hartley*, 124 F.3d at 893 ("the line we draw is not so bright as to exclude cases where the gap is smaller but evidence nevertheless reveals the employer's decision to be motivated by the plaintiff's age"); *Wisconsin System*, 288 F.3d at 302 (same). In *Radue*, the plaintiff identified a similarly situated worker who was nine and one-half years younger than the plaintiff. *Radue*, 219 F.3d at 619. The court held that this age gap, though just short of the ten-year mark, was not sufficient to establish a *prima facie* case, without further evidence that age was a motivating factor. *Radue*, 219 F.3d at 619. Here, Plaintiff has presented no evidence that age was a factor in his termination. Thus, Plaintiff cannot establish a *prima facie* case because he cannot satisfy the fourth requirement.

Even if Plaintiff could establish a *prima facie* case, the evidence is such that he could not defeat Defendant's motion for summary judgment. Defendant has offered a legitimate non-discriminatory reason for discharging the plaintiff, specifically the need to reduce it's work force and Andersen's determination that Plaintiff did not measure up to Defendant's other employees based on a number of criteria. Plaintiff has presented no evidence showing that Defendant's justification for laying off Plaintiff was merely a pretext for discrimination.

A plaintiff can establish that an employer's non-discriminatory reason is a pretext, either by "showing . . . that a discriminatory reason more likely motivated the employer" or by showing "that the employer's proffered explanation is unworthy of credence." *Rand v. CF Industries*, 42 F.3d 1139, 1145 (7th Cir. 1994). Here, Plaintiff admits that he can offer no direct evidence that the decision to terminate him was based on his age. Rather, Plaintiff attempts to show that Defendant's reasons for selecting him to be included in the reduction in force are not credible. A plaintiff can raise a disputed issue of material fact, thus avoiding summary judgment, if he

"produces evidence from which a reasonable jury could conclude that [the defendant's] stated reason is false-in other words, that it is a phony reason." *Janiuk v. TCG/Trump Co.*, 157 F.3d 504, 507 (7th Cir. 1998). However, a court should not "sit as a super personnel department to review an employer's business decision." *Ritter v. Hill 'N Dale Farm, Inc.*, 231 F.3d 1039, 1044 (7th Cir. 2000) (*Ritter*) (quoting *Ransom v. CSC Consulting, Inc.*, 217 F.3d 467, 471 (7th Cir. 2000)). Plaintiff cannot prevail merely by showing that Defendant's personnel decisions were "right or wrong," *Balderson v. Fairbanks Morse Engine Division of Coltec Industries*, 328 F.3d 309, 324 (7th Cir. 2003), or that Defendant "erred or exercised poor business judgment," *Ritter*, 231 F.3d at 1044. Rather, Plaintiff must show that Defendant did not believe the reason it gave for terminating Plaintiff. *See Ritter*, 231 F.3d at 1044.

Here, Plaintiff has failed to produce evidence from which a reasonable jury could believe that Defendant's stated reason was pretextual. Defendant claims that Andersen selected Plaintiff to be included in the reduction in force based on a number of factors, including Plaintiff's attitude, work ethic, appearance and general performance, as compared to other employees. Plaintiff takes issue with several of these reasons. Plaintiff asserts that Andersen had insufficient opportunity to observe Plaintiff and that the reasons asserted by Andersen for Plaintiff's termination are vague and subjective. Plaintiff also argues that Andersen never documented his concerns about Plaintiff's attitude, work ethic or appearance and that Plaintiff's direct supervisors never raised those issues with him. Plaintiff points to a number of performance reviews in which his work ethic was rated above average and above standard and his teamwork was rated above average and standard.

These attacks on Defendant's grounds for terminating Plaintiff are not sufficient to legitimately suggest that the reasons offered by Defendant were false. Plaintiff's argument comes down to the contention that no one had raised or documented these issues before and that Plaintiff had received average to above-average performance reviews. However, none of these arguments rise to a level sufficient to cast any doubt on Defendant's stated reasons for the termination. "In a reduction in force, someone has to go." *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 573 (7th Cir. 1998). That Plaintiff received satisfactory performance reviews and that his work ethic, attitude and appearance problems were not serious enough to be previously documented or raised with Plaintiff does not show that Plaintiff was not one of lower-performing employees. *See Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 694 (7th Cir. 2006) ("Even if [a plaintiff's] performance was sufficiently acceptable to justify retaining her in better times, that consideration does not establish that [the defendant's] reasons for terminating her in a [reduction in force] situation were pretextual.")

Here, Plaintiff does not dispute that Andersen determined that a reduction in force was needed and that Andersen consulted with his superintendents to evaluate the labor force on criteria such as performance, attitude, teamwork and work ethic. Plaintiff disputes that the decision to lay him off was made based on these criteria but provides no evidence to show that it was not. Plaintiff's burden at this stage is to show that Defendant did not believe the asserted non-discriminatory reason for Plaintiff's termination. *Ritter*, 231 F.3d at 1044. Plaintiff has not met this burden.

## CONCLUSION

Plaintiff has not established a *prima facie* case for age discrimination under the ADEA. Even if Plaintiff could establish such a case, he is unable to meet his burden of showing that Defendant's asserted non-discriminatory reason for terminating Plaintiff was pretextual. Therefore, Defendant's motion for summary judgment is granted.

Dated: March 19, 2008

JOHN W. DARRAH
United States District Court Judge